No. 39,560

MARIE E. RICHARDSON, *Appellant,* v. CITIZENS STATE BANK OF STERLING, KANSAS, et al., *Appellees.*

(281 P. 2d 1112)

Opinion filed April 9, 1955.

*G. I. Robinson,* of Ellinwood, argued the cause and was on the brief for the appellant.

*Frank S. Hodge,* of Hutchinson, argued the cause, and *Roy C. Davis, Eugene A. White, Robert Y. Jones,* and *H. Newlin Reynolds,* all of Hutchinson, were with him on the brief for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question in this appeal is whether the trial court

erred in rendering judgment for the defendants later named on the plaintiff's motion for judgment on the pleadings.

Insofar as need be noticed plaintiff alleged in her petition that: 1. The Citizens State Bank of Sterling was merged with the Farmers State Bank of Sterling on September 7, 1931, and at that time F. H. Chesky the president of the Citizens State Bank was appointed as liquidating agent to take care of assets not transferred to the Farmers State Bank in the merger, that the "Farmers State Bank in Sterling, Sterling, Kansas" was chartered in 1946 and assumed the assets and liabilities of the "Farmers State Bank"; 2. That on June 18, 1931, plaintiff acquired title to a described half section of land; 3. That on June 19, 1931, plaintiff and her husband made their note, secured by a mortgage on the above real estate, to the Citizens State Bank and "as further consideration of said note and mortgage, the said plaintiff and her husband were asked to execute a royalty deed to the Citizens State Bank of Sterling, Kansas, covering an undivided one-eighth interest in and to all of the oil, gas and other minerals in and under the above described real estate"; 4. That on September 3, 1935, the note was paid and the mortgage released of record; 5. That the mineral interest conveyed to the Citizens Bank has never been reconveyed to the plaintiff and constitutes a cloud upon her title; that the mineral interest had been and was held contrary to the laws of Kansas, and plaintiff was entitled to have her title quieted against all of the defendants.

The record as abstracted does not disclose with certainty just who all of the defendants were. It does disclose that the Farmers State Bank filed a disclaimer, and that an answer was filed by Chesky individually and as liquidating agent for Citizens State Bank of Sterling and together with Walter Sledd as surviving trustee of the above bank and the Citizens State Bank in which they admitted allegations 1 and 2 of the petition and denied generally. They alleged that prior to April 14, 1927, the Citizens State Bank had acquired title to the involved real estate by virtue of a mortgage foreclosure action and on that date the bank contracted to sell the real estate to plaintiff, a copy of that contract being attached as an exhibit; that as a part of the terms of the contract the bank reserved absolutely a $\frac{1}{64}$ interest in the oil and mineral rights and royalties; that on June 19, 1931, the plaintiff had paid, under the contract, an amount sufficient to entitle her to a deed and to execute to the bank a mortgage for the balance, and at that time

the bank executed a deed to plaintiff but instead of reserving the minerals, the plaintiff executed a mineral deed back to the bank. The answering defendants further alleged that at the time of the merger of the banks as alleged by plaintiff the mineral interest never passed to the Farmers State Bank and was retained by Chesky as liquidating agent of the Citizens State Bank who held it for the benefit of the stockholders of that bank; that the charter of the Citizens State Bank expired November 22, 1937, and he and Sledd were the only directors of that bank now alive and under the law they were trustees for the benefit of the stockholders of that bank and owned the mineral interest. The answering defendants expressly denied that the mineral conveyance was given as part security for the plaintiff's note to the Citizens State Bank and alleged that the conveyance had nothing to do with the note, and that the mineral conveyance was given to carry out the terms of the contract of sale "the said Bank taking back a Mineral Deed instead of making a reservation in its Deed to Plaintiff". The answering defendants prayed that plaintiff be denied relief and that their title to the mineral interests be quieted.

We notice the contract between plaintiff and the Citizens State Bank only to state it was dated April 14, 1927, and provided for installment payments within a period of less than five years and for a deed when a stipulated amount had been paid, the unpaid balance to be evidenced by a note secured by mortgage, and

"Party of the first part will reserve absolutely, and so state in their Warranty Deed, that a one-sixty-fourth interest in and to all mineral and oil rights and royalties, of whatsoever kind or nature, are hereby reserved to the first party, its successors or assigns."

Plaintiff filed no reply, but did file a motion for judgment on the pleadings asserting as grounds therefor that the Citizens State Bank was attempting to hold real estate contrary to R. S. 1923, 9-151, and that she was entitled to judgment.

The cause was heard upon the plaintiff's motion for judgment and after consideration the trial court decided that plaintiff's motion should be denied and that title to the mineral interest should be quieted in Chesky and Sledd as Trustees for the benefit of the stockholders of the Citizens State Bank for two reasons: 1. Plaintiff purchased the land from the bank under a contract which allowed the bank to retain the portion of the mineral interest, the agreement being changed in that instead of the bank retaining that interest the

plaintiff was to convey such interest back to the bank, which was done, and that plaintiff was a party to the original transaction; and 2. That plaintiff was not a proper party to bring an action if the bank or its trustees or assigns are holding the property longer than allowed by the banking laws of the state, the proper party to commence such an action being the state.

In due time the plaintiff perfected her appeal to this court as against Chesky, Sledd and the Citizens State Bank.

Preliminary to a discussion of appellant's contentions, we note that without particular specification thereof, she seems to place some reliance on the allegations of her petition, and that appellees argue that appellant's motion had the effect of a demurrer. There can be no doubt that the answer pleaded new matter. If appellant desired to controvert any of it, she should have filed a reply (G. S. 1949, 60-717). She did not do that and for our purposes every allegation of new matter is taken as true (G. S. 1949, 60-748). Without going into any detail, the answer alleged the bank acquired title to the entire tract by foreclosure in 1927 and in that year the bank contracted to sell the land to the appellant on terms specified reserving to itself an interest in the mineral rights; that in 1931 the contract was terminated by a conveyance by the bank to the appellant and instead of making a reservation in its deed to her the fee was conveyed and she re-conveyed to the bank the share reserved to it under the contract. It was further alleged that the interest in mineral rights was not conveyed by the appellant as security for any note but was to carry out the contract whereby appellant acquired title to the real estate of which the minerals were a part.

Appellant's principal contention is that the retention of the mineral rights was in violation of the statute then in force appearing as R. S. 1923, 9-151, which for present purposes, reads as follows:

"9-151. *Holding of real estate.* Any bank may purchase, hold and convey real estate for the following purposes, but no other: *First,* such as shall be necessary for the convenient transaction of its business . . . but which shall not exceed one-half of the paid-in capital and surplus. *Second,* such as shall be conveyed to it in satisfaction of debts previously contracted in the course of its business. *Third,* such as it shall purchase at sale under judgment, decrees, or mortgage foreclosure under securities held by it; but a bank shall not bid, at any such sale, a larger amount than to satisfy its debts and costs. . . . No real estate acquired in the cases contemplated in the second and third subsections above shall be held for a longer time than five years. If not sold before the expiration of said five years, it must be sold at private or public sale within thirty days thereafter, or charged off out of the earnings or surplus of said bank."

The above section was amended in 1933 by addition of a proviso that the bank commissioner might grant an extension for a further period of two years, under conditions specified (R. S. 1933 Supp., 9-151) and was further amended in 1935 to extend the extension to four years (G. S. 1935, 9-151) and the statute so remained until it was repealed in 1947. In the latter year extensive revision of the banking act was made, the substance of the former act now appearing as G. S. 1949, 9-1102.

As applied to the facts before us it appears that the bank acquired the entire real estate by foreclosure in 1927 and that it disposed of all of it except the reserved mineral interest in 1931. If it be assumed that the reservation of the mineral interest was a retention of real estate beyond the five year period specified in the contract, we then examine the mandate of the statute as to the result. The statute does not make the retention unlawful, it does not provide for any reversion to the grantor but simply provides that if not sold at the end of the five year period, it must be sold within thirty days or charged off out of earnings or surplus of the bank. The record is silent as to whether the mineral interest was ever charged off, but we are advised that the Citizens Bank was merged with the Farmers Bank in 1931 and that the asset was never turned over to the latter bank but was retained by the liquidating agent of the first bank. We need not discuss whether the bank commissioner still has jurisdiction over the assets in the hands of the liquidating agent, or the trustees of the Citizens State Bank whose charter has long since expired. Even though it be assumed the bank commissioner has jurisdiction, that does not avail the appellant for all the bank commissioner could do would be to compel liquidation of the asset and distribution of the proceeds to the stockholders of the Citizens Bank.

Appellant presents an argument that the retention of the mineral interest was an *ultra vires* act and the purchase contract was void. In support she directs attention to *Rife v. Docking,* 129 Kan. 812, 284 Pac. 391. That case will not be reviewed at length. In effect a bank conveyed lands to its grantee under a contract which gave it a right of re-purchase upon payment to the grantee of a stated sum or the delivery to him of his notes to the bank. The suit was by the purchaser to cancel notes to the bank. It was the bank which pleaded an *ultra vires* contract. This court did hold that the contract was beyond the bank's power under the above statute

but it was further held that as the bank had received substantial benefits under the contract it would not be permitted to raise the defense of *ultra vires*. In our opinion that case is no authority for us to hold the present transaction as *ultra vires*. The present situation, from a legal standpoint, is no different than had the bank sold to the appellant only the east half of the land it acquired by the foreclosure and had held the west half for more than five years. Under no theory could it be said the appellant had any interest in the west half. Under the situation as it actually obtained the appellant got exactly what she bargained for. The bank could have sold its retained mineral interest to a third person within the five year period and the appellant could not have complained. In any event failure of the bank to sell the reserved mineral interest within five years added nothing to what appellant purchased.

Appellant has directed our attention to other authorities concerning the power of a bank to agree to assume indebtedness on land, or to exchange lands, and other situations remote in character. They have been examined but they are not persuasive here and will not be reviewed.

There is an inferred rather than direct argument that as the bank lacked power to make the agreement for retention, the contract is invalid. For reasons heretofore set forth we do not agree, but if we did, we would be confronted with a situation where the whole contract of purchase was bad, or the anomalous situation of permitting the appellant to have the advantages of the contract and to disavow what she believes are disadvantages to her.

We have heretofore noted the trial court's conclusion that only the state may maintain an action if the bank or its trustees are holding the property longer than allowed by the statute. Appellant does not refer to the matter. And as the state is not a party to the action we shall not comment on that phase of the decision.

The judgment of the trial court is affirmed.